**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| *In re BP p.l.c. Securities Litigation* | No. 4:10-md-02185 (KPE) |
| | |
| This document relates to: | |
| *Arkansas Teacher Retirement System v. BP p.l.c.* | No. 4:14-cv-00457 |
| *Virginia Retirement System v. BP p.l.c.* | No. 4:14-cv-01085 |

**THE OPPOSITION OF PLAINTIFFS IN THE ARKANSAS AND VIRGINIA ACTIONS
TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINTS**

Plaintiffs in *Arkansas Teacher Retirement System v. BP p.l.c.*, No. 4:14-cv-00457 (the

"Arkansas Action") and *Virginia Retirement System v. BP p.l.c.*, No, 4:14-cv-01085 (the

"Virginia Action"), respectfully submit this joint opposition to Defendants' Motion to Dismiss

Plaintiffs' Amended Complaints ("Motion").[1]

With respect to the Arkansas and Virginia Actions, Defendants challenge only the

viability of the "holder" claims that Plaintiffs have alleged under English common law. *See*

Defendants' Memorandum of Law in Support of their Motion to Dismiss Plaintiffs' Amended

Complaints ("Defs' Mem.") at 3 n.1. Defendants argue that Plaintiffs' holder claims should be

dismissed because Plaintiffs failed to adequately plead reliance with respect to those claims

---

[1] Herein, "Plaintiffs" refers to the plaintiffs in both the Arkansas and Virginia Actions: Arkansas Teacher Retirement System, Employees' Retirement System of the State of Hawaii, Illinois Municipal Retirement Fund, Indiana Public Retirement System, the Nebraska Investment Council, Public Employee Retirement System of Idaho, Public School and Employee Retirement Systems of Missouri, and Virginia Retirement System.

under Rule 9(b). Defs' Mem. at 13-14. However, Defendants misconstrue the applicable pleading standard. Moreover, Plaintiffs respectfully submit that, to the extent that the Court finds that Plaintiffs have failed to plead reliance with respect to their holder claims, they should be granted leave to amend their pleadings in order to cure any such deficiency.

Defendants further argue that Plaintiffs cannot allege cognizable damages with respect to post-spill holder claims. *Id.* at 14. However, as set forth below, that argument lacks merit, as it is based on inapposite law.

## RELEVANT PROCEDURAL BACKGROUND

The Arkansas and Virginia Actions are in the third "tranche" of individual actions filed and consolidated in this multi-district litigation in 2014.

On August 31, 2015, the tranche three plaintiffs, including Plaintiffs, filed amended complaints pursuant to a stipulation ("Amended Complaints"). *See* MDL ECF Nos. 1205 & 1206. The parties' stipulation in that regard recognized that Defendants would subsequently answer or move to dismiss the Amended Complaints. *See* MDL ECF No. 1150.

Thus, prior to the present Motion, the complaints filed in the Arkansas and Virginia Actions had not been subject to a motion to dismiss and—unlike many of the other individual plaintiffs in this consolidated action—none of the Plaintiffs had sought the Court's leave to amend their pleadings.

## ARGUMENT

## I.     Defendants Misconstrue the Pleading Standard for Holder Claims

In support of their Motion, Defendants cite *Small v. Fritz Cos.*, 65 P.3d 1255, 1265 (Cal. 2003), and its progeny for the proposition that, in order to adequately plead a holder claim under Rule 9(b), a plaintiff must plead that he "would have sold the stock, how many shares the plaintiff would have sold, and when the sale would have taken place." Defs' Mem. at 15 n.8.

2

However, Defendants misconstrue the applicable pleading standard by selectively quoting *Small*, which states that a "plaintiff must allege specific reliance on the defendants' representations: ***for example***, that if the plaintiff had read a truthful account of the corporation's financial status the plaintiff would have sold the stock, how many shares the plaintiff would have sold, and when the sale would have taken place." Defs' Mem. at 15 n.8 (citing *Small*, 65 P.3d at 1265 (Cal. 2003)).

A plaintiff need not necessarily specify precisely when and how many shares he would have sold had he known the truth, because "the amount and timing of a stock sale—***is merely one example*** of the type of action the investor could allege he would have taken." *See Kouri v. Superior Court of State ex rel. Cty. of Los Angeles*, 55 Cal. Rptr. 3d 777, 785 (2007) (interpreting *Small*) (emphasis added).

Thus, in order to adequately plead a holder claim under Rule 9(b), a plaintiff need only plead that, had he known the truth, he would have taken a specific action—and ***not*** precisely when and how many shares he would have sold.

## II.    Plaintiffs Should Be Granted Leave to Amend with Respect to Holder Claims

The standard for pleading reliance for holder claims is an issue of first impression in the Fifth Circuit, and in such circumstances the Court of Appeals has long recognized that courts should be reluctant to dismiss cases on technical grounds given the policy of the federal rules favoring adjudication of actions on their factual and legal merits. *See Partridge v. Two Unknown Police Officers of City of Houston*, 791 F.2d 1182, 1189 (5th Cir. 1986) (granting leave to amend a pleading after reversing the district court's order granting the defendants' motion to dismiss in the wake of a then-recent decision by the Court of Appeals).

Indeed, Defendants' own authority supports the proposition that Plaintiffs should be granted leave to amend here. *See Pafumi v. Davidson*, No. 05-61679-CIV, 2007 WL 1729969, at

3

*3 (S.D. Fla. June 14, 2007) (granting the plaintiffs leave to file a ***third*** amended complaint to cure deficiencies with respect to holder claims); *Small*, 65 P.3d at 1265 (concluding that the plaintiff failed to plead reliance for his holder claim, but granting leave to amend).[2]

Moreover, this Court recently granted leave to amend the tranche one plaintiffs' pleadings under the liberal standards of Rule 15, in particular with respect to holder claims, and it should do so here as well for similar reasons. *See In re BP p.l.c. Sec. Litig.*, No. 4:10-md-2185 (KPE), 2016 WL 3654533 (S.D. Tex. July 8, 2016). As the Court found, at this early procedural stage of the litigation, there is little prejudice to the Defendants, and they will have the opportunity to challenge the validity of any new allegations. *Id.* at *5. Further, there is no undue delay by Plaintiffs here, given the complex procedural history of this consolidated action and the agreement of the parties to sequence Defendants' motions to dismiss the pleadings of the tranche three plaintiffs for resolution at this time. *Id.* at *4-5.

Thus, Plaintiffs respectfully request that the Court grant leave to amend their pleadings within 60 days after the Court's ruling on Defendants' Motion. As noted, Plaintiffs have not previously requested leave to amend their pleadings in response to a motion to dismiss, and have not been given an opportunity to do so.

Importantly, Plaintiffs have filed herewith declarations from certain of their investment managers which demonstrate that, had the investment managers known the allegedly concealed truth, they would have taken specific actions with respect to the BP ordinary shares that they held on behalf of Plaintiffs.[3] These declarations demonstrate that amendment would not be

---

[2] *See also Rogers v. Cisco Sys., Inc.*, 268 F. Supp. 2d 1305, 1314 (N.D. Fla. 2003); *Hunt v. Enzo Biochem, Inc.*, 471 F. Supp. 2d 390, 414 (S.D.N.Y. 2006).

[3] Defendants rely heavily on *Bank of America. See* Defs' Mem. *passim* (citing *In re Bank of Am. Corp. Sec., Derivative & Emp. Ret. Income Sec. Act (ERISA) Litig.*, No. 12 Civ. 5210, 2013 WL 6504801 (S.D.N.Y. Dec. 11, 2013)). However, that case is distinguishable because there the

futile.[4]

### III.     Plaintiffs May Plead Damages with Respect to Post-Spill Holder Claims

Finally, Defendants argue that Plaintiffs cannot allege cognizable damages for post-spill holder claims. Defs. Mem. at 20-21. However, Defendants' convoluted argument should be rejected out of hand because it is premised on the false assumption that recoverable damages in these Actions are restricted to damages that would be recoverable under U.S. law. *See id.* at 21 (citing *Crocker v. Federal Deposit Ins. Corp.*, 826 F.2d 347, 351 (5th Cir. 1987) (analyzing damages under federal RICO statute); *Arent v. Distribution Sciences, Inc.*, 975 F.2d 1370, 1374 (8th Cir. 1992) (analyzing damages under Minnesota common law fraud)).

Here, however, the Court has held that English law pertains to Plaintiffs' claims. *In re BP P.L.C. Sec. Litig.*, No. 4:12-CV-1256, 2013 WL 6383968, at *36 (S.D. Tex. Dec. 5, 2013).

Accordingly, as explained by Plaintiffs' English law expert Thomas Lowe, the recoverable damages include "any detriment, liablility of loss capable of assessment in money terms." *See* Declaration of Thomas William Gordon Lowe QC (MDL ECF No. 773) ¶ 8 (citing *Forster v. Outred & Co.* [1982] 1 WLR 86; *Law Society v. Sephton* [2006] UKHL 22).[5]

Thus, because Defendants argument is based on inapposite law, it should be rejected.

---

plaintiffs alleged "separate and discrete time periods and areas of purported misconduct, some of which predate[d] their share purchases" and "ma[de] no attempt to allege at what point plaintiffs would have sold their BofA shares." *Id. at *13.* Here, in contrast, the declarations focus (and the amended allegations will focus) on the days immediately following the Deepwater Horizon explosion and Defendants' alleged misstatements about the true size of the resulting oil spill that were previously upheld at the summary judgment stage in the related class action.

[4] Plaintiffs also intend to plead holder claims based on BP ordinary shares held on their behalf by other investment managers that have not provided declarations to Plaintiffs.

[5] *See also, e.g., Doyle v. Olby* [1969] 2 QB 158 (holding that, in a fraud case, recoverable damages include all losses directly flowing from the deceit, whether or not the defendants could have foreseen such loss); *Smith New Court Securities v. Scrimgeour Vickers* [1997] AC 254 (same).

## CONCLUSION

For the foregoing reasons, Defendants Motion should be denied, and Plaintiffs

respectfully request leave to amend their pleadings within 60 days of the Court's order resolving

Defendants' Motion.

Dated: March 9, 2017                                     Respectfully Submitted,

                                                        LABATON SUCHAROW LLP

                                                        */s/ Thomas A. Dubbs*
                                                        Thomas A. Dubbs
                                                        Eric J. Belfi
                                                        Thomas G. Hoffman, Jr.
                                                        140 Broadway
                                                        New York, New York 10005
                                                        Tel: (212) 907-0700
                                                        Fax: (212) 818-0477

                                                        ***Attorneys for Plaintiffs in the
                                                        Virginia and Arkansas Actions***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing Memorandum has been served by electronic CM/ECF filing, on this 9th day of March, 2017.

<u>*/s/ Thomas A. Dubbs*</u>
Thomas A. Dubbs